THE STATE, GEORGE S. HOBART, ASSISTANT ATTORNEY-GENERAL, PROSECUTOR-APPELLANT, v. THE COURT OF THE FIRST CRIMINAL JUDICIAL DISTRICT OF THE COUNTY OF BERGEN, DEFENDANT-RESPONDENT.

Argued November 1, 1932—Decided January 31, 1933.

For the appellant, *George F. Losche.*

For the respondent, *John E. Selzer.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR.   The facts appear to be that a verified complaint was made before J. Wallace Leyden (who, in fact, was the judge of the Court of the Second Criminal Judicial District of Bergen county), in his capacity as "acting judge of the First Judicial District, &c.," probably because of the absence, temporarily or otherwise, of Judge McCarthy, who was actually and in fact and law the judge of the First District Court.   This complaint was made January 24th, 1931. Thereupon a search warrant was issued by Judge Leyden in his aforesaid capacity as "acting judge," on the date of the complaint, January 24th, 1931, authorizing search and seizure of "whisky and other intoxicating liquor," in premises located at 210 Washington avenue, Little Ferry, &c.   A search and seizure was made under the warrant on the day of its issue and a return was made not only of "whisky and other

intoxicating liquor," but also of "one journal book" found in the premises searched. The inventory of the goods seized was verified January 28th, 1931.

The record before us does not show how or to whom the return of the warrant was made.

On January 24th, 1931, probably as a result of the search and seizure under the warrant before referred to, a complaint was made against one Herman Becker alleging illegal possession of the liquor seized. This complaint appears to have been made before, or lodged with, Charles J. McCarthy, who was then, in fact, the judge of the Court of the First Criminal Judicial District of Bergen county, covering a territory in which is located the borough of Little Ferry wherein was the premises described in the search warrant.

As before stated the record seems to be barren of any reference to a return of the search warrant. The state of case contains a statement of an officer of a return as follows:

"Returned on the 24th day of January, 1931, with the defendant in custody." We think it must be assumed that this was the return of the warrant requiring the apprehension of Becker. Such language would not be appropriate to a return to the search warrant and, in fact, it could not be a return to the latter because, as before stated, the inventory of the goods seized was not verified until January 28th, 1931, four days after the return referred to.

Thereafter Becker gave notice of an application to be made to Judge McCarthy on February 5th, 1931, for an order to suppress as evidence certain articles and things alleged to have been unlawfully seized and in such notice set down several reasons why such order should be made.

On March 4th, 1931, Judge McCarthy proceeded to a hearing under such notice, at which hearing both the state and Becker were represented by counsel and the record shows no objection to the proceeding which resulted in an order of March 31st, 1931, requiring a return to Becker of all the goods and articles seized.

Subsequently the state secured a writ of *certiorari* to review this order and after argument the Supreme Court set aside

the order under review in all respects except as to the "journal book."

From the judgment of the Supreme Court the state appeals and urges that it is erroneous in that the order of Judge McCarthy should have been reversed and set aside in its entirety.

Such reversal is argued and urged upon several grounds and we think the matter is disposed of effectually by consideration of a single one of these and that is: that the order of Judge McCarthy was unwarranted in law because not made by the magistrate who issued the search warrant.

It is urged that as Judge Leyden issued the warrant he was the only magistrate that could have made the order in question. This seems not to have been passed upon by the Supreme Court although the question must have been there presented and urged. That court said, "we do not deem it necessary to pass upon the question of the authority of Judge McCarthy to hear the matter upon the return of the warrant issued by Judge Leyden."

We think that in this respect the Supreme Court fell into error.

"An act concerning intoxicating liquor used or to be used for beverage purposes" (*Pamph. L.* 1922, *ch.* 255, *p.* 615), commonly known as the Hobart act, provides: section 23, that a search warrant must be executed and returned *to the magistrate* who issues the same * * *. Section 25, that the officer who executes a search warrant must forthwith return the same to *the* magistrate and deliver to him a written inventory of the property taken * * *. *The* magistrate must thereupon, if required, deliver a copy of the inventory to the person from whose possession the property was taken, &c.

Section 26, if the ground on which the warrant was issued be controverted *the magistrate* must proceed to take testimony in relation thereto.

Section 27, if on the return of any search warrant it appears that the property taken is not the same as that described in the warrant or that there is no probable cause for

believing the existence of the grounds on which the warrant was issued, *the magistrate* must cause the property to be returned to the person from whom it was taken; but if it appears that the property taken is the same as that described in the warrant and that there is probable cause for believing the existence of the ground on which the warrant was issued, then *the magistrate* shall order the same to be retained in the custody of the person seizing it, &c.

Section 28 provides that *the magistrate* must annex the affidavit, search warrant, return, inventory and evidence, &c.

From all of this it is perfectly apparent and convincing that the plan and purpose of this legislation is that all proceedings subsequent to the issuance of the search warrant are to be had before *the* magistrate who, in fact, and in his proper person as *the* magistrate, authorized its issuance.

This was the conclusion reached in a well and accurately reasoned opinion of Mr. Justice Parker in *State* v. *Lowenthal,* 2 *N. J. Mis. R.* 18.

We conclude that such is the construction to be placed upon the statute in question.

The magistrate authorizing the issuance of the search warrant was Judge Leyden and he, and he only, could have heard the matter and made the order in question.

This he did not do but another magistrate, as such are defined by section 9 of the act, undertook to do and did so order, without authority or jurisdiction, and therefore the judgment of the Supreme Court, here under review, must be reversed to the extent appealed from and the entire order of Judge McCarthy of March 4th, 1931, must be set aside and for nothing held.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 10.